IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAMES EUGENE SMALLWOOD,** | : | |
| Petitioner | : | |
| | : | CIVIL ACTION NO. 3:17-CV-2326 |
| v. | : | |
| | : | (Judge Caputo) |
| **L.J. ODDO,** *et al.,* | : | |
| Respondents | : | |

**M E M O R A N D U M**

Petitioner, James Eugene Smallwood, an inmate currently confined at FCI Allenwood, in White Deer, Pennsylvania, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) Presently before the Court is Petitioner's motion for appointment of counsel. (ECF No. 23.) For the following reasons, the Court will deny the motion.

Unlike trial and direct appeal, there is no constitutional or statutory right to the appointment of counsel in federal habeas proceedings. *See Coleman v. Thompson*, 501 U.S. 722, 725, 111 S.Ct. 2546, 2552, 115 L.Ed.2d 640 (1991)*; Pennsylvania v. Finley*, 481 U.S. 551, 555, 107 S.Ct. 2546, 1993, 95 L.Ed.2d 539 (1987). Appointment of counsel in a habeas proceeding is mandatory only if the district court determines that an evidentiary hearing is required. *See* Rule 8(c) of the Rules Governing Section 2254 Cases; 18 U.S.C. § 3006A(a)(2)(B). Otherwise, a court may appoint counsel to represent a habeas petitioner if it "determines that the

interests of justice so require," and that the petitioner is financially unable to obtain adequate representation.  See 18 U.S.C. § 3006A(a)(2).

The exercise of discretion in this area is guided by certain basic principles. The initial determination to be made by the Court in evaluating the expenditure of the "precious commodity" of volunteer counsel is whether the petitioner's case has some arguable merit in fact and law.  *Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002).  Other factors influencing a court's decision on a request for appointment of counsel include the factual and legal issues in the case, as well as the petitioner's ability to adequately investigate, prepare, or present the claim.  *Tabron v. Grace*, 6 F.3d 147, 154 (3d Cir. 1993).  Where the issues in a habeas petition are narrow, or straightforward and capable of resolution on the record, or where the petitioner demonstrates a good understanding of the issues and displays the ability to forcefully and coherently present contentions, appoint of counsel is unnecessary.

In this case, there appears to be no circumstances that warrant the appointment of counsel currently.  See *Tabron*, 6 F.3d at 155 – 56.  First, Mr. Smallwood has paid the requisite filing fee and he has not provided any proof of indigency.  Second the legal issue in this case is relatively simple; therefore, a hearing is unlikely.  Further, upon review of the petition, it appears that Mr. Smallwood is capable of properly and forcefully prosecuting his claims with adequate factual investigation and appropriately supportive arguments.  His Petition clearly presents his argument that he believes the United States Parole Commission "double counted" his prior convictions impacting his salient factor score and resulted in a term outside of his expected guidelines. (ECF No. 1, *generally*.)  Moreover, Mr.

Smallwood does not cite any reason or need for appointment of counsel at this point in the habeas proceedings. See ECF No. 23.[1] His request for counsel comes more than six months after Respondents filed a response to his Petition. Although Mr. Smallwood did not file a reply in this matter, he does his failure or inability to do so as a basis for his request for appointment of counsel. Thus, it cannot be said, at least at this point, that Mr. Smallwood will suffer prejudice if this matter forced to prosecute this case on his own. The Court's duty to construe *pro se* pleadings liberally, *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), coupled with Petitioner's apparent ability to litigate this action, mitigate against the appointment of counsel. If the Court determines that an evidentiary hearing should be held or if further proceedings otherwise demonstrate the need for counsel, the matter may be reconsidered, either *sua sponte*, or upon a motion properly filed by Mr. Smallwood.

    An appropriate order follows.

**Date: March 20, 2019**                /s/ A. Richard Caputo
                                          **A. RICHARD CAPUTO**
                                          **United States District Judge**

---

[1] Mr. Smallwood's motion for appointment of counsel reads as follows: "I have a motion in your courtroom but I don't have an attorney. May you please appoint me a lawyer for my case." ECF No. 23.