# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JAMES EUGENE SMALLWOOD,

    Petitioner,

         v.

L.J. ODDO, *et al.*,

    Respondents.

NO. 3:17-CV-2326

(JUDGE CAPUTO)

## **MEMORANDUM**

Presently before me is the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) filed by James Eugene Smallwood ("Petitioner"). Petitioner alleges that after the United States Parole Commission ("USPC") revoked his parole, the USPC "double count[ed]" his criminal history in deciding to impose more prison time than that suggested by the guidelines. Because the USPC did not engage in impermissible double counting, the petition will be denied.

## **I. Background**

Petitioner was convicted in the Superior Court of the District of Columbia of Assault with a Dangerous Weapon on October 19, 1988. (*See* Doc. 7, Ex. "A"). Petitioner was sentenced to 40-120 months in prison. (*See id.*). The following month, the Superior Court revoked Petitioner's probation for a prior conviction for "Carnal Knowledge" and sentenced him to "not less than eighty months nor more than two hundred and forty months to run consecutive." (Doc. 7, Ex. "B", 1; *see also* Doc. 7, Ex. "D", 1). Petitioner was first released on parole for these sentences on October 22, 1997. (*See* Doc. 7, Ex. "D", 2). Since then, Petitioner has had his parole revoked six times. (*See id.* at 2-3).

Derrick R. Miller, a USPC Case Analyst, applied for a warrant for Petitioner on March 15, 2016. (*See* Doc. 7., Ex. "E", 1-3). A warrant was issued the same day. (*See* Doc. 7, Ex. "F", 1). The warrant application was supplemented on March 24, 2016 to include two additional charges. (*See* Doc. 7, Ex. "G", 1-2). Petitioner

subsequently pled guilty to "Stalking - Harm Known", "Poss Prohibited Weapon - Other", and "Threats to Do Bodily Harm - Misd" on September 12, 2016. (Doc. 7, Ex. "H", 1). Petitioner was sentenced to 365 days of confinement. (*See id*.). The United States Marshals thereafter executed the USPC warrant on February 23, 2017. (*See* Doc. 7, Ex. "I", 1).

A parole revocation hearing was held on April 12, 2017. (*See* Doc. 7, Ex. "J", 1). The USPC revoked Petitioner's parole and ordered 60 months of confinement. (*See id*. at 1).[1] In so doing, the USPC stated that Petitioner's "parole violation behavior has been rated as criminal conduct of Category Two severity because it involved Stalking - Harm Known (Conviction), Possession of Prohibited Weapon - Other (Conviction), Threats to Do Bodily Harm Misdemeanor (Conviction)." (*Id*. at 2). The USPC also calculated Petitioner's Salient Factor Score as 2. (*See id*.). The USPC noted that "[g]uidelines established by the Commission indicate a customary range of 16-22 months to be served before release." (*Id*.). The USPC, however, found "a decision above the guidelines . . . warranted because you are a more serious risk than your Salient Factor Score based on your continued violent and threatening conduct while on supervision," explaining:

> You were first placed on probation after a 1982 conviction for Carnal Knowledge and Taking Indecent Liberties with a Child for a [sic] offense in which you sexually abused a 15 year old mentally retarded child. While on probation, you committed an assault with a dangerous weapon by stabbing a victim. This resulted in a new felony conviction as well as your probation being revoked and an aggregate sentence of 30 years. You have been paroled and revoked from this aggregate term on five separate occasions. Three of your five prior revocations included findings that you committed new criminal conduct. Your criminal conduct during parole supervision has included committing an assault with a knife while attempting to avoid detention from a shoplifting charge in 2003; assaulting a female by striking her repeatedly in October 2005 and soliciting an undercover

---

[1] The record indicates that the hearing examiner recommended a 16-month term of incarceration. (*See* Doc. 7, Ex. "K", 8). The hearing examiner's summary, however, does not appear in the record *sub judice*.

2

> officer for sex in June 2012. During the current period of parole, you have been convicted of stalking, possessing a prohibited weapon and threats to do bodily harm. Your propensity to commit crimes involving violence or threats of violence has not been deterred by parole supervision and that Commission finds that you are a high risk to commit similar crimes when release [sic] again.

(*Id*.). The USPC further noted that as of "March 19, 2017, [Petitioner] ha[d] been in confinement as a result of [his] violation behavior for a total of 12 month(s)," so his confinement was to "[c]ontinue to a presumptive parole on March 28, 2021 after service of 60 months." (*Id*. at 1-2).

Petitioner filed an administrative appeal on November 8, 2017. (*See* Doc. 7, Ex. "K"). Petitioner claimed that the "decision outside the guidelines was not supported by good cause." (*Id*. at 2). Petitioner insisted that the USPC's justification "was unreasonable because it impermissibly double-counted his criminal history, which was adequately accounted for by [his] guidelines range." (*Id*. at 5). Petitioner also argued that the USPC did not consider the relevant mitigating circumstances. (*See id*. at 5-9).

The National Appeals Board denied Petitioner's appeal on November 16, 2017. (*See* Doc. 7, Ex. "L", 1). The National Appeals Board reasoned:

> [Y]our appeal states that the Commission improperly "double-counted" your prior convictions that were encompassed in your salient factor score as a reason for an upward departure from the guidelines recommendation. Your attorney also argues that the Commission did not consider all matters in mitigation. For the following reasons, the National Appeals Board finds no merit to your claim.
>
> The Commission has not "double-counted" your criminal history and current law violations. The Commission has discretion to render a decision outside the guidelines (whether above or below) provided the circumstances warrant and such a decision is adequately explained. In your case, the Notice of Action dated June 5, 2017 stated that a decision above the guidelines is warranted because you are a more serious risk than your salient factor score based on your continued violent and threatening conduct while on supervision. Specifically, you have been convicted on numerous crimes on three separate occasions. Additionally, you have had your parole revoked on five separate occasions and have received two letters of reprimand from the Commission. The Commission determined your unsuccessful times on parole justified the decision to

3

> continue to the expiration of your sentence. While a salient factor score encompasses how many times you were convicted, it does not encompass the number of counts or specific aggravating factors that were included in each conviction. In your case, many of your convictions include multiple offenses. Similarly, your offense severity rating of two only rates the most serious offense you were convicted of (stalking, in this case). The offense severity rating does not capture the fact that you had two other convictions for possessing a prohibited weapon and threats to do bodily harm as the rating does not increase for charges rated lower than your most serious offense. Therefore, the guidelines do not fully reflect your criminal behavior and your risk to commit further crimes. As such, the Commission, through the Notice of Action, has provided "good cause" as required for an upward departure. The National Appeals Board finds your claim that the Commission "double counted" your criminal behavior to be meritless.
>
> While not specifically framed as a claim in your appeal, your attorney argues that the Commission did not consider your family relations, institutional behavior, and mental health in its decision. The Commission is presumed to have considered your entire record from the hearing including all matters in mitigation. The National Appeals Board finds that the matters in mitigation do not outweigh the aggravating factors considered in the Commission's decision. Therefore, the National Appeals Board denies your appeal on that ground as well.

(*Id*.).

Based on the foregoing, Petitioner, then an inmate at FCI-Allenwood, filed the instant § 2241 petition on December 18, 2017. (*See* Doc. 1, *generally*). Therein, Petitioner argues that the USPC went outside his guideline range and "double count[ed]" his criminal history. (*Id*. at ¶¶ 5-6). Respondent timely filed a response to the Petition on February 9, 2018. (*See* Doc. 7, *generally*). Petitioner has since submitted numerous filings in further support of his petition. (*See* Docs. 8-10; Doc. 15; Docs. 17-22). The petition is now ripe for disposition.

## II. Standard of Review

Challenges by a petitioner in federal custody concerning parole decisions go to the execution of a sentence and are properly brought against petitioner's custodian under 28 U.S.C. § 2241. *See Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 241-42 (3d Cir. 2005) (§ 2241 allows federal prisoner to challenge the execution of

sentence, such as the denial of parole).

It is well-settled that "there is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmate of Nebraska Penal & Correctional Complex*, 442 U.S. 1, 7, 99 S. Ct. 2100, 60 L. Ed. 2d 668 (1979); *see also Ellis v. District of Columbia*, 84 F.3d 1413 (D.C. Cir. 1996) (DC parole statute and regulations do not create any liberty interest in parole). Even though a convicted individual has no liberty interest in parole release protected by the Due Process Clause, a fundamental due process right to be free from "capricious decision making" protects parole applicants from being denied parole for "arbitrary or constitutionally impermissible reasons." *Block v. Potter*, 631 F.2d 233, 236 (3d Cir.1980).

Pursuant to the National Capital Revitalization and Self–Government Improvement Act of 1997 (Revitalization Act), Pub. L. No. 105-33, § 11231(a)(1), 111 Stat. 712, 745, D.C. Code § 24-131(a), the DC Board was abolished, and the Parole Commission assumed jurisdiction over parole decisions for District of Columbia offenders. The Parole Commission is vested with discretion to determine a District of Columbia prisoner's eligibility for parole. *See United States v. Addonizio*, 422 U.S. 178, 99 S. Ct. 2235, 60 L. Ed. 2d 805 (1979); *Muhammad v. Mendez*, 200 F. Supp. 2d 466 (M.D. Pa. 2002). The district court's review of such a decision is "not whether the [decision of the] Board is supported by the preponderance of the evidence, or even by substantial evidence; the inquiry is only whether there is a rational basis in the record for the Board's conclusions embodied in its statement of reasons." *Zannino v. Arnold*, 531 F.2d 687, 691(3d Cir. 1976); *see also Furnari v. Warden, Allenwood Fed. Corr. Inst.*, 218 F.3d 250, 254 (3d Cir. 2000); *Walker v. Perdue*, No. 17-691, 2018 WL 6304230, at *4 (M.D. Pa. Dec. 3, 2018) ("The applicable standard of judicial review is whether the Parole Commission abused its discretion. . . . Review is limited to whether there is a rational basis in the record for the conclusions embodied in the Commission's statement of reasons, which should include whether the criteria,

appropriate, rational, and consistent with its enabling statutes, has been followed so that its decision is not arbitrary and capricious, nor based on impermissible considerations."). "To this end, 'the Commission may not base its judgment as to parole on an inaccurate factual predicate.'" *Furnari*, 218 F.3d at 254 (citing *Campell v. United States Parole Comm'n.*, 704 F.2d 106, 109 (3d Cir. 1983)). However, in making its decision, the Parole Commission may consider hearsay, counts of an indictment that have been dismissed, and information in a separate dismissed indictment. *See Campbell*, 704 F.2d at 109-110 (collecting cases).

The appropriate remedy when the Parole Commission exceeds its discretion is to remand the matter to the agency for further proceedings consistent with the court's opinion. *See Mickens-Thomas v. Vaughn*, 355 F.3d 294, 309-10 (3d Cir. 2004).

### III. Discussion

The present challenge to the USPC's decision is properly brought by Petitioner under § 2241. *See, e.g.*, *Walker*, 2018 WL 6304230, at *3 (citing *Callwood v. Enos*, 230 F.3d 627, 632 (3d Cir. 2000); *United States v. Kennedy*, 851 F.2d 689, 690 (3d Cir. 1988) (stating "[a] challenge to the Parole Commission's execution of a sentence is properly raised in a habeas petition under 28 U.S.C.A. § 2241."); *Alston v. Stewart*, No. 17-cv-1339, 2018 WL 1069360, at *6 (D. Md. Feb. 27, 2018) (recognizing that "[n]umerous courts have treated § 2241 as the appropriate vehicle for individuals who, like Petitioner, are D.C. Code offenders challenging the decision of the USPC to revoke their supervised release or parole."); *Cloyd v. Shartle*, No. 14-2794, 2017 WL 368416, *2 (D. N.J. Jan. 24, 2017) (acknowledging that "[p]arolees may challenge parole decisions made by the United States Parole Commission in a petition brought pursuant to 28 U.S.C. § 2241"); *Johnson v. Samuels*, No. 06-cv-2233, 2007 WL 1575076, at *1-2 (D.N.J. May 30, 2007) (finding that § 2241 petition proper way in which a federal prisoner convicted pursuant to the D.C. Code may challenge the revocation of parole); *Noble v. United States Parole Comm'n*, 887 F. Supp. 11, 12

(D.D.C. 1995)).[2]

As stated, Petitioner's claim is premised on his view that the USPC engaged in impermissible "double counting" by considering his criminal history which resulted in a significant departure from his guideline range. (*See* Doc. 1, ¶¶ 5-7).

> Double-counting is when the Commission uses "the same factor in scoring a prisoner pursuant to the guidelines and as an aggravating factor justifying a decision above the guidelines." *Harris v. Martin*, 792 F.2d 52, 55 (3d Cir. 1986). In considering "double-counting" claims, courts recognize the broad authority of parole officials to fully consider all relevant information when making parole determinations. Therefore, these claims are judged by a deferential standard of review, and a parole decision will be set aside on the grounds that parole officials engaged in improper double counting only when the parole consideration of certain information was arbitrary or irrational. *See Harris*, 792 F.2d 52. Good cause for the Commission to depart from the guidelines includes "consideration of factors such as whether 'the prisoner was involved in an offense with an unusual degree of sophistication or planning or has a lengthy prior record, or was part of a large scale conspiracy or continuing criminal enterprise.'" *Furnari*, 531 F.3d at 253 (quoting *Romano v. Baer*, 805 F.2d 268, 270 (7th Cir. 1986) (quotation marks and citation omitted)). Where the Commission has a rational basis for considering a factor in several different ways when denying parole, a "double counting" claim will fail. *Morgan v. Lamanna*, 150 F. App'x 145 (3d Cir. 2005).

*Walker*, 2018 WL 6304230, at *5. However, "(s)ince the purpose of the guidelines is to set forth the factors that the Commission should consider in setting a presumptive release date, it would be irrational and arbitrary to use those same factors to take a prisoner outside the guidelines." *Harris*, 792 F.2d at 54.[3]

---

[2] At points in his submissions, Petitioner suggests, *inter alia*, that a number of his underlying convictions were fabricated and/or resulted from various defects in process. These issues, however, are not before me on the present § 2241 petition. To the extent he wishes to raise these issues, Petitioner must file the appropriate request for relief in the court with jurisdiction over such claims.

[3] Factors that may warrant a decision above the guidelines include, but are not limited to, the following:
(i) Poorer parole risk than indicated by salient factor score. The offender is a poorer parole risk than indicated by the salient factor score because of—

Petitioner's § 2241 petition will be denied. Here, in the June 5, 2017 Notice of Action, the USPC advised Petitioner that he was a "more serious risk than your Salient Factor Score based on [his] continued violent and threatening conduct while on supervision." (Doc. 7, Ex. "J", 2). Petitioner was further informed that he had a "propensity to commit crimes involving violence or threats of violence" and he had "not been deterred by parole supervision." (*Id*.). In so noting, the USPC emphasised that Petitioner had "been paroled and revoked from his aggregate term on five separate occasions." (*Id*.). As a result, the USPC concluded that Petitioner had a "high risk to commit similar crimes when release[d] again." (*Id*.).

The National Appeals Board in affirming that decision made similar observations, (*see* Doc. 7, Ex. "L", 1), as well as emphasizing that while the Salient Factor Score encompasses how many times he was convicted, it failed to "encompass

---

(A) Unusually persistent failure under supervision (pretrial release, probation, or parole);
(B) Unusually persistent history of criminally related substance (drug or alcohol) abuse and resistance to treatment efforts; or
(C) Unusually extensive prior record (sufficient to make the offender a poorer risk than the "poor" prognosis category).
(ii) More serious parole risk. The offender is a more serious parole risk than indicated by the total point score because of—
(A) Prior record of violence more extensive or serious than that taken into account in the guidelines;
(B) Current offense demonstrates extraordinary criminal sophistication, criminal professionalism in the employment of violence or threats of violence, or leadership role in instigating others to commit a serious offense;
(C) Unusual cruelty to the victim (beyond that accounted for by scoring the offense as high level violence), or predation upon extremely vulnerable victim;
(D) Unusual propensity to inflict unprovoked and potentially homicidal violence, as demonstrated by the circumstances of the current offense; or
(E) Additional serious offense(s) committed after (or while on bond or fugitive status from) current offense that show unusual capacity for sustained, repeated violent criminal activity.
28 C.F.R. § 2.80(n)(2).

the number of counts or specific aggravating factors that were included in each conviction." (*Id*.). Additionally, the Salient Factor Score failed to "capture the fact that [Petitioner] had two other convictions for possessing a prohibited weapon and threats to do bodily harm as the rating does not increase for charges rated lower than your most serious offense." (*Id*.).

Given the foregoing, the USPC's decision to depart upward from the guidelines was the result of factors beyond those considered in the Salient Factor Score and in accordance with 28 C.F.R. § 2.80. The USPC did not, therefore, engage in impermissible double counting. *See*, *e.g.*, *Walker*, 2018 WL 6304230, at *6; *see also Muhammad*, 200 F. Supp 2d at 473 ("It is equally well-settled that the Commission can use the nature of a prisoner's convictions as a basis for exceeding the guidelines, even though those same convictions were also used in his sentence computation pursuant to the guidelines."). Moreover, the record reflects that the USPC provided a rational basis for its determination to depart from the guidelines. *See Meade v. Spaulding*, No. 16-2212, 2019 WL 1934873, at *4 (M.D. Pa. May 1, 2019); *Muhammad*, 200 F. Supp. 2d at 473. Petitioner is not entitled to relief on his double counting claim.

## IV. Conclusion

For the above stated reasons, the petition will be denied.

An appropriate order follows.

October 17, 2019  /s/ A. Richard Caputo
Date  A. Richard Caputo
 United States District Judge

9